JOHN K. APO AND NANCY K. APO *v.*
DILLINGHAM INVESTMENT CORPORATION,
A HAWAII CORPORATION, ET AL.

No. 4600.

MAY 9, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The plaintiffs-appellants brought an action to quiet title to four parcels of land, alleging ownership both by deed and adverse possession. Two defendants claimed title to the four parcels, and the remaining defendants were adjoining landowners. The defendants conceded that the plaintiffs obtained title by adverse possession to 1.37 acres of land enclosed by a stonewall on one

parcel (R.P. Grant 3079). At the conclusion of the plaintiffs' case, the trial court instructed the jury to find for the plaintiffs as to the 1.37 acres and for the defendants as to the remainder. The judgment stated that there was no determination of any fractional undivided interest in the remainder that the plaintiffs may have received by deed. The plaintiffs appealed, and we reverse in part.

Our reading of the record indicates that the plaintiffs introduced evidence tending to show title by adverse possession only as to R.P. Grant 3079. Therefore the trial court correctly directed a verdict against the plaintiffs on the issue of adverse possession as to the other parcels.

As to R.P. Grant 3079, the record is unclear as to precisely what acts of adverse possession occurred outside the stonewall. We cannot say that the record is so clear as to justify a directed verdict. *Young* v. *Price*, 48 Haw. 22, 395 P.2d 365 (1964). There appears to be more than a scintilla of evidence from which to conclude that the plaintiffs asserted actual, open, hostile, notorious, continuous, and exclusive possession to the entire grant for the statutory period, *Deponte* v. *Ulupalakua Ranch, Ltd.*, 48 Haw. 17, 395 P.2d 273 (1964). Therefore, the trial court erred in directing a verdict against the plaintiffs on this issue.

Even more fundamental was the trial court's failure to recognize that the facts, construed most favorably to the plaintiffs, as they must be on a motion for a directed verdict, established a prima facie case as to constructive adverse possession, *Redfearn* v. *Kuhia*, 50 Haw. 77, 431 P.2d 945 (1967). The plaintiffs claimed title to all of R.P. Grant 3079 under a deed dated September 19, 1932 purporting to convey the fee. The defendants conceded that the plaintiffs' evidence established the plaintiffs' title to the 1.37 acres within R.P. Grant 3079 by adverse possession. These facts establish, prima facie, title to the entire grant by constructive adverse possession, *Goen* v. *Sansbury*, 219 Md. 289, 149 A.2d 17 (1959) ; 4 Tiffany, *Real Property* 456-58 (3d ed. 1939). Therefore, the issue of adverse possession, actual or constructive, of all of R.P. Grant 3079 must be retried, except for the 1.37 acres.

The question whether the plaintiffs acquired legal title under

the 1932 deed depends on two other documents. The plaintiffs offered a deed dated January 15, 1881 and a letter dated December 23, 1882 which, if admitted into evidence, would have provided them with a complete chain of title from the original patentee. The trial court held that the 1881 deed was suspicious on its face and therefore failed to qualify under the ancient document doctrine. The court referred to the fact that the grantor's name was in parentheses and misspelled, and that the acknowledgment dated October 25, 1882 was made by a third party without proof that the third party was acting as an agent. The letter was written by the third party to the interior department and stated that

> I am forwarding the copy of the Royal Patent of
> Kiekie to Kekaula, of Omokaa, South Kona, Hawaii,
> to be recorded in the Government Book . . .

We agree that those facts were sufficient to justify the trial court's conclusion that the documents failed to qualify for admission under the ancient document doctrine.

The trial court properly excluded a plaintiff's testimony that he claimed all the land in the survey and amended complaint. A party may testify as to the boundaries of the land he claims. But before such testimony is admissible, the witness must indicate his knowledge of the contents of documents to which he refers.

On remand, the question of the boundaries of R.P. Grant 3079 will be in issue. The trial court erroneously excluded parol evidence on this issue. The plaintiffs' surveyor testified that the description in the original grant could not be applied to the land because several monuments could not be located. Such testimony is sufficient to justify the admission of parol evidence to locate the actual boundaries of the grant. The maps which a surveyor offers as his description of the true boundaries are part of his testimony and are admissible as such. *State* v. *Midkiff,* 49 Haw. 456, 473, 421 P.2d 550, 560 (1966).

Should the question of a fractional, undivided interest in R.P. Grant 3079 or in the other three parcels be raised, the trial court must adjudicate the issue along with the question of adverse possession. In resolving the question of ouster of co-tenants, the

trial court should consider *Peters* v. *Kupihea,* 39 Haw. 327 (1952) where this court concluded:

> [I]f the prescriber [adverse possessor] does not enter into possession as the cotenant but as the owner of the entire estate under a color of title extending to the whole estate where for instance, as in this case, one buys from one who is in fact a cotenant but who undertakes to convey the entire estate, his possession is adverse to those who might otherwise be treated as his cotenants. 39 Haw. at 330-31.

Affirmed in part, reversed in part, and remanded for further proceedings.

*Moon Chan* for plaintiffs-appellants.

*Curtis W. Carlsmith (Carlsmith, Carlsmith, Wichman and Case* of counsel) for defendant-appellee, Dillingham Investment Corporation.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for defendants-appellees Kawaauhaus.

*Ambrose J. Rosehill* for defendants-appellees Oliver Pohina, et al.

*Roy K. Nakamoto (Ushijima, Nakamoto and Yuda* of counsel) for defendant-appellee, Marilyn Carlsmith Van Winkle.