JOHN K. APO, et al., Plaintiffs-Appellees *v.* DILLINGHAM
INVESTMENT CORPORATION, a Hawaii corporation,
et al., Defendants-Appellants

NO. 5347

MAY 4, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
KIDWELL, JJ., and Circuit Judge HAYASHI
in place of MENOR, J., Disqualified

OPINION OF THE COURT BY KIDWELL, J.

Plaintiffs-appellees (the Apos) brought an action to quiet
title to four parcels of land (R. P. Grant 3079, R. P. Grant
1568, L. C. Aw. 8245:B and L. C. Aw. 11004), alleging owner-
ship both by deed and adverse possession. Defendant-
appellant Dillingham Investment Corporation (Dillingham)

claimed ownership of the same parcels, also by both deed and adverse possession. Other defendants who made similar claims have not appealed and are not before us. The remaining defendants-appellants (the Kawaauhaus) are adjoining landowners who disputed the claimed boundary of Gr. 3079 and also claimed ownership of a portion of Gr. 3079 by adverse possession. At the first trial the defendants conceded that the Apos had obtained title by adverse possession to 1.37 acres enclosed by a stone wall on Gr. 3079, and the jury was instructed to find for the Apos as to the 1.37 acres and for the defendants to the remainder. The judgment stated that there was no determination of any fractional undivided interest in the remainder that the Apos might have received by deed. On appeal to this court (50 Haw. 369, 440 P.2d 965 (1968)), we affirmed in part, reversed in part, and remanded for further proceedings.

On the prior appeal, we held that the trial court correctly directed a verdict against the Apos on the issue of adverse possession of Gr. 1568, L. C. Aw. 8245:B and L. C. Aw. 11004. We held that the Apos had established, prima facie, title to all of Gr. 3079 by adverse possession, and directed that the issue of adverse possession of the parcel be retried, except for the 1.37 acres.

At the second trial, a verdict was directed in favor of Dillingham on its counterclaim of adverse possession of L. C. Aw. 11004. The Kawaauhaus were adjudged the owners by adverse possession of a portion of Gr. 3079, and this determination is not in issue on this appeal. The non-appealing defendants were adjudged to have no interest in the land. The boundaries of Gr. 3079 were determined. The Apos were adjudged the fee simple owners by legal title and adverse possession of all of Gr. 3079 except the portion owned by the Kawaauhaus, and the fee simple owners by legal title of an undivided one-half interest in Gr. 1568 and all of L. C. Aw. 8245:B. Dillingham and the Kawaauhaus appealed. We affirm.

At the outset, Dillingham seeks to show error in the inconsistent disposition of the claims to the remaining parcels,

after the trial court had directed a verdict in favor of Dillingham on its counterclaim of adverse possession of L. C. Aw. 11004. It is asserted by Dillingham that its evidence of adverse possession of the remaining parcels was equally good. However, examination of the record discloses that the court engaged in no examination of the facts with respect to L. C. Aw. 11004 and no inconsistency in findings exists, whether or not such an inconsistency would support Dillingham's argument. The directed verdict as to L. C. Aw. 11004 was entered by agreement of the parties in open court, it being conceded that the parties other than Dillingham had no interest in this parcel. The colloquy of counsel made it quite clear that the Apos reserved their contentions with respect to the remaining parcels. The record does not support Dillingham's assertion that the trial court made inconsistent determinations, and the argument has no merit.

As to each of the three parcels in issue, the Apos claim paper title from Kiekie through Kekaula, while Dillingham claims paper title from Kiekie through Kuhao. Dillingham introduced into evidence a deed dated April 23, 1898, containing a pedigree recitation stating that the grantor, Kuhao, was the " . . . nephew and heir of Kiekie." John Apo was permitted to testify, over Dillingham's objection, that he had heard Kekaula say that she was "kaikamahine for Kiekie". He also testified that "kaikamahine" means either "daughter" or "niece". The court also admitted in evidence, on June 20, 1961, over Dillingham's objection, a certified copy of a recorded deed executed on September 19, 1932 conveying these parcels to the Apos, which deed contained a recital that "Kiekie died intestate leaving as lone heir to his estate, his sister Kawai; said Kawai having died later, leaving as her heir Kekaula, her daughter". The jury found in favor of the Apos' claim of paper title and that Kekaula was an heir of Kiekie.

Dillingham contends that it was error for the trial court to deny its motion for a directed verdict that Kuhao was an heir of Kiekie and that therefore Dillingham is the owner of Gr. 1568 and L. C. Aw. 8245:B. "A directed verdict may be

granted only when after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said that there is no evidence to support a jury verdict in his favor." *Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 77, 470 P.2d 240, 244 (1970). Dillingham claims that the recital in the deed of April 23, 1898, that Kuhao was the nephew and heir of Kiekie, was the only admissible evidence before the court on the issue of who were the heirs of Kiekie. Both the items of evidence introduced by the Apos to show their paper title are challenged by Dillingham as inadmissible hearsay, offered to prove the truth of the declared relationship of Kekaula with Kiekie. Distinct, though related, exceptions to the hearsay rule are involved.

Declarations about family history, or pedigree, are admissible under one of the oldest of these exceptions. In *Drummond v. Makaena*, 30 Haw. 116 (1927), the declaration of B, who was deceased, that A was his father, was held admissible to prove the relationship when testified to by B's daughter. We stated then that the courts had come to regard as safe and proper the admission in evidence of declarations of deceased persons concerning the relationships within the family of which they were members. Although we recognized a qualification that the declarant be shown by evidence *aliunde* to have been related to the family concerning which he was making the declaration, proof of the relationship of B and his daughter by the daughter's testimony was held to be sufficient to satisfy this requirement. In *Helekahi v. Laa*, 32 Haw. 1 (1931), the declaration of A that X was her father and Y was X's brother was held admissible to show the relationship of X and Y, upon proof that A was the mother of B, the wife of the witness, and upon the alternative ground that A's declaration of her relationship to X and Y was alone sufficient proof that A was a member of the family concerning which the declaration was made.

The declaration by Kekaula of her relationship with

Kiekie satisfies the rule developed in these cases.[1] Appellant contends that John Apo was not competent to testify to the declaration, because he was not related to Kekaula. "But of course the witness on the stand need not be related to the family of the declarant." 5 WIGMORE, EVIDENCE § 1490 (Chadbourn rev. 1974).

The recital in the 1932 deed, a recorded document, was also entitled to be admitted in evidence to show the relationship of Kekaula and Kiekie, under the exception to the hearsay rule for recitals of pedigree in deeds. The admission in evidence of the pedigree recital was objected to by Dillingham for the reason that the deed (which was in its 29th year, from date of execution, when admitted) was not shown to be at least 30 years old. The Federal Rules of Evidence, in codifying the hearsay exception for recitals in deeds, contain no requirement that the deed be of a certain age, and render admissible any recital which is relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document. Federal Rules of Evidence, Rule 803 (15). It is believed that the circumstances under which dispositive documents are executed and the requirement that the recital be germane to the purpose of the document, are adequate guarantees of trustworthiness, particularly in view of the non-applicability of the rule where dealings with the property subsequent to its execution have been inconsistent with the document. Federal Rules of Evidence, Rule 803, Advisory Committee's Notes, Exception (15), 56 F.R.D. 183, 315. The only Hawaii case we have discovered which has dealt with admissibility of a pedigree recital contained in a deed did not require a showing that the deed was of a certain age. In *Mist v. Kapiolani Estate*, 13 Haw. 523 (1901), a deed which recited that the grantor was the

---

[1] The earlier statement in Makekau v. Kane. 20 Haw. 203 (1910), to the effect that the declarant's relationship to the family may not be shown by the declaration itself, can no longer be given credence. *See* criticizing generally the restrictions placed by the decisions upon the pedigree exception. 5 WIGMORE, EVIDENCE § 1480 (Chadbourn rev. 1974). *Also see* Hew v. Aruda, 51 Haw. 451, 462 P.2d 476 (1969).

older brother and heir of the original awardee of the land was admitted after the relationship and heirship had been shown by other testimony, though it was said that the recital standing alone would not have been sufficient proof of relationship. If other evidence of the relationship of Kekaula and Kiekie is required in the present case, it is provided by the testimony of John Apo. We have reviewed the circumstances which are alleged by Dillingham to cast suspicion upon the 1932 deed, and do not consider them sufficient to disqualify the document.

By the judgment, it was adjudged that the Kawaauhaus were the owners by adverse possession of a portion of Gr. 3079, and that the Apos were the fee simple owners by legal title and adverse possession of the remainder of Gr. 3079. It was also adjudged that the Apos were the fee simple owners of the said remainder of Gr. 3079 "through constructive possession thereof based on their possession of at least a portion thereof under color of title." Dillingham now challenges the adjudication of the Apos' title by adverse possession upon the contention that there could be no constructive adverse possession by the Apos of any portion of Gr. 3079 if any part of the land was adversely possessed by others, in this case the Kawaauhaus. We said in the first appeal of this case that the Apos' acquisition of title to 1.37 acres within Gr. 3079 by adverse possession, which was conceded by Dillingham, was sufficient to establish, prima facie, title to the entire grant by constructive adverse possession. (50 Haw. 369, 370, 440 P.2d 965, 966 (1968)). It is sufficient for the purposes of this case to observe that the adjudicated legal title of the Apos, under the 1932 deed, together with their actual possession of part, established their constructive possession of all of the remainder of the grant not in the possession of another. *Goen v. Sansbury,* 219 Md. 289, 149 A.2d 17 (1959); *Maryland Coal and Realty Co. v. Eckhart,* 25 Md. App. 605, 337 A.2d 150 (1975); 4 TIFFANY, REAL PROPERTY ¶ 1155 (3d ed. 1975 rev.)

The remaining substantial issue in this case involves the determination of the boundaries of Gr. 3079, which were surveyed by a surveyor (Murray) employed by Dillingham and

a surveyor (Lum Hing) employed by the Apos. The Lum Hing survey established the boundary between Gr. 3079 and Gr. 3077 less favorably to the owner of Gr. 3077 than did the Murray survey. Appellants contend that the Murray line should have been accepted as correct as a matter of law.

In the previous appeal of this case, we said:

On remand, the question of the boundaries of R. P. Grant 3079 will be in issue. The trial court erroneously excluded parol evidence on this issue. The plaintiffs' surveyor testified that the description in the original grant could not be applied to the land because several monuments could not be located. Such testimony is sufficient to justify the admission of parol evidence to locate the actual boundaries of the grant. (50 Haw. 371, 440 P.2d 967).

The surveyors substantially agreed that the boundaries of Gr. 3079 could not be determined from the original description, for reasons which were not limited to their inability to locate certain monuments. In the original description, the north boundary of Gr. 3079 is described as adjoining the south boundary of Gr. 1585, a senior grant. If located in accordance with the beginning monument and the courses and distances of the original description, Gr. 3079 would encroach on Gr. 1585. The surveyors agreed that the north boundary of Gr. 3079 must be adjusted to avoid such encroachment. They also agreed that the courses in the original survey must be altered to reflect changes in the magnetic declination during the intervening period, although they disagreed somewhat on the amount of magnetic declination to be employed in the survey. It is asserted by appellants that, after making the adjustment in the north boundary of Gr. 3079 which was required to conform to the adjoining grant, Murray arrived at an aggregate correction of courses which reflected the reorientation of Gr. 3079 and the correction of magnetic declination and completed the survey by applying this adjustment to the remaining courses and distances of the original survey. As so located, the south boundary of Gr. 3079 is separated by a strip of land from the north boundary of Gr. 1573:2. The monument

marking the seaward terminus of the south boundary of Gr. 3079 (the "lost K"), called for in the original survey, was not found by either surveyor.

Although Gr. 1573:2 is not referred to in the original description of Gr. 3079, the north boundary of Gr. 1573:2 is described as "Beginning at a point on the road adjoining Omokaa, marked by large stone." The description contained in Gr. 3079 identifies the land as Omokaa. Lum Hing testified that he located the stone designated as this monument, and determined the south boundary of Gr. 3079 to adjoin the north boundary of Gr. 1573:2 as so located. Murray failed to find the stone designated as this monument. In locating the south boundary of Gr. 3079, Murray adhered to the calls of the original survey, applying to the remaining courses and distances the adjustment which had been required to locate the north boundary.

Appellants contend that there was no ambiguity in the description of Gr. 3079 after the necessary adjustments had been made in the north boundary and for magnetic declination, and argue that the remainder of the original descriptions should have been followed without further adjustment. However, neither surveyor found the monument designated in the description as the seaward terminus of the south boundary of Gr. 3079. As we said in the first appeal of this case, parol testimony then became admissible to locate the actual boundaries. In *Ookala Sugar Co. v. Wilson*, 13 Haw. 127 (1900), such an ambiguity was resolved by reference to monuments not mentioned in the description. The monument marking the north boundary of Gr. 1573:2 was appropriately taken into consideration by Lum Hing in his survey. It was for the jury to determine the weight and credibility of the testimony of the two surveyors. The jury was correctly instructed,[2] under the

---

[2] The instruction was as follows:

In construing a grant and locating the land, the surveyor must consider all parts of the grant, including the sketch of the grant. However, there is an order of importance in the description of a grant; certain portions of a description must be used before the surveyor can go to other portions of the description to locate the land. The order of importance of the calls of a grant are as follows: Most important are natural monuments, next are courses, next are distances and least

circumstances of this case. *Kelekolio v. Onomea Sugar Co.*, **29 Haw. 130 (1926).**

The conflicting claims of the Apos and Dillingham to paper title to Gr. 1568 and L. C. Aw. 8245:B, and the claim of Dillingham to title by adverse possession of these parcels, were for the jury to determine upon the evidence. We do not find prejudicial misstatements of the evidence or improper argument on the part of the Apos' counsel.

Affirmed.

*Tom. C. Leuteneker (Carlsmith, Carlsmith, Wichman and Case* of counsel) for defendant-appellant Dillingham Investment Corporation.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for defendants-appellants Kawaauhaus.

*Moon Chan* for plaintiffs-appellees.

---

important is the area. Monuments, courses and distances, in that order of importance, control because they are more certain and there is less likelihood of a mistake being made as to them.

All of these ordinary rules however need not be followed and may be reversed when under the circumstances they do not carry out the intention of the grantor as to the location or extent of the land described in the grant.