FILED

JUL 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF HAWAII BY ITS ATTORNEY GENERAL, | No. 09-17816 |
| Plaintiff - Appellee, | D.C. No. 1:07-cv-00516-SPK-LEK |
| v. | |
| STEVE'S AG SERVICES, LTD., a Hawaii corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| THE NATURE CONSERVANCY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior District Judge, Presiding

Argued and Submitted June 13, 2011
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Steve's Ag Services appeals from the district court's judgment quieting title of the subject property in favor of the State of Hawaii. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in rejecting Steve Ag's equitable arguments that the State should be precluded from quieting title. Equitable estoppel requires "proof that one person wilfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment." *Potter v. Hawaii Newspaper Agency*, 974 P.2d 51, 59 (Haw. 1999). Here, however, there is no evidence that the State willfully misrepresented the eastern boundaries of the Alika and Papa parcels, nor was there any evidence of reasonable and detrimental reliance by Steve's Ag or any of the prior grantees. The doctrine of laches applies when a plaintiff unreasonably delays in asserting his claim, and this delay prejudices the defendant. *See Adair v. Hustace*, 640 P.2d 294, 300 (Haw. 1982). However, there is no evidence that *anybody* was using the subject parcel, or asserting a claim of ownership over it, prior to Steve's Ag's logging of trees on the land. Thus, the State did not unreasonably delay in asserting title. *See*, *e.g.*, *State ex rel. Kobayashi v. Zimring*, 566 P.2d 725, 738 (Haw. 1977) (declining to apply equitable estoppel against the State because "there was no assertion of title or

2

institution of legal action to clear title on the part of either party . . . . We find, therefore, that there was no obligation or duty to speak on the part of the State before this action was initiated.").

The district court found that the metes and bounds descriptions in CB 85 were ambiguous and could not reliably establish the proper boundaries of Kahuku. Hawaii law is clear that ambiguous land descriptions, even if contained within a legally binding document, must be interpreted by the courts: "A surveyed description of land contained in a decree of court, if it requires construction, is subject to the same rules of construction as a description contained in a patent, a deed, or other instrument. . . ." *McCandless v. Du Roi*, 23 Haw. 51, 54 (1915). The court's factual determination that the metes and bounds descriptions in CB 85 "could be off by over 5000 feet," was not clearly erroneous.

In light of the ambiguities in CB 85, the district court properly evaluated the testimony from both parties as to the correct Kahuku boundary. *See, e.g.*, *Apo v. Dillingham Investment Corp.*, 549 P.2d 740, 744 (Haw. 1976) ("The plaintiffs' surveyor testified that the description in the original grant could not be applied to the land because several monuments could not be located. Such testimony is sufficient to justify the admission of parol evidence to locate the actual boundaries of the grant."). The district court judge, sitting as the factfinder, concluded that

Wright's 1908 re-survey in RM 2468 established the proper Kahuku boundary, and that the subject parcel was not included within Kahuku. This factual finding was not clearly erroneous.

We also uphold the district court's conclusion that the subject parcel was not contained within the Alika or Papa grants. Under Hawaii law, a known boundary line of an adjoining property is considered a natural monument, thus it ordinarily controls over other descriptions in the grant. *See In re State*, 444 P.2d 909, 911 (Haw. 1968) ("In the case of a conflict in the description of a boundary between a call for an adjoiner and course and distance, the former will ordinarily take precedence over the latter."). However, "[a]ll of these ordinary rules . . . need not be followed and may be reversed when under the circumstances they do not carry out the intention of the grantor as to the location or extent of the land described in the grant." *Apo*, 549 P.2d at 745 n.2.

Here, the Alika and Papa grants indicate that the parcels' eastern boundaries extend to large ahus[1] on the Kahuku boundary, and the district court did not clearly err in concluding that the referenced ahus were located on the Kahuku border as erroneously marked by Wright and Kanakanui in 1902. The district court applied

---

[1] An "ahu" is used to mark the boundaries of a parcel of property, and is often just a heap of stones. *Nihipali v. Apuakehau,* 144 P.3d 561, 571 n.18 (Haw. Ct. App. 2006).

the proper rules of construction in concluding that the Alika and Papa grants should extend only to the location of the marked ahus, as opposed to the current designation of the true Kahuku boundary, because this better carried out the intention of the parties. While boundary designations ordinarily control over distance and area, the state law is clear that the rationale underlying the hierarchy of construction is that there is less of a "likelihood of a mistake being made as to [natural monuments], but where this reason fails the rule itself fails." *Ookala Sugar Plantation Co. v. Wilson*, 13 Haw. 127, 132 (1900).

Moreover, an additional rule of construction favors placing the boundary of the Alika and Papa parcels at the location of the marked ahus rather than the current Kahuku boundary: the construction of the parties governs if a deed is ambiguous. *See State v. Hawaiian Dredging Co.*, 397 P.2d 593, 607 (Haw. 1964) ("If considered ambiguous, the construction given a deed by the parties to it will be given effect unless it contravenes some rule of law."). The district court found that the original grantees erected a fence along the border of the property, as marked by the 1902 ahus, and that some form of this fence still exists today. Steve's Ag has not demonstrated that the district court clearly erred in so finding. Accordingly, the district court properly concluded that the subject parcel is not contained within the Alika or Papa parcels.

5

Because the subject parcel is not contained within Kahuku, nor was it conveyed as part of the Alika and Papa grants, the subject parcel remains state land by operation of law. *Zimring*, 566 P.2d at 731("[L]and in its original state is public land and if not awarded or granted, such land remains in the public domain.").

**AFFIRMED.**