*G. A. Davis* for plaintiff.

*C. F. Peterson* for defendants.

---

## SAMUEL K. PAAHAO, SARAH K. FERREIRA AND JENNIE IOKUA *v.* SARAH A. SWINTON AND ALVIN K. SWINTON, A MINOR.

APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 21, 1910.  DECIDED JANUARY 16, 1911.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*res judicata.*

> A decree of the court of land registration that the grantees named in a deed were the owners of the land therein described, is a bar to a bill to reform the deed alleged to have been executed by the grantor by mistake and in consequence of the fraud of one of the grantees.

OPINION OF THE COURT BY DE BOLT, J.

This is a bill in equity filed by plaintiffs as heirs of Kaluna Paahao, deceased, to reform a deed so as to exclude from its effect one-half of the land therein described, which deed is alleged to have been executed by the decedent to defendants by mistake and in consequence of the fraud of the defendant Sarah A. Swinton, the intention of the grantor being, as it is alleged, to convey only one-half of the land, whereas the deed purports to

convey the entire parcel. The bill further alleges, that defendants filed their petition in the court of land registration to confirm their title to the land in question, and that such proceedings were had in that court that a decree was entered declaring defendants the owners of the entire parcel, and that these plaintiffs have no interest therein; "that these plaintiffs appeared in said court * * * and opposed said petition, and insisted that said deed was fraudulent and should be avoided and annulled, and urged that if said deed should be established at all, it should be first so reformed as to convey only the Waikiki portion or half of the parcel aforesaid, but that said * * * court ruled that it did not possess equity powers such as to authorize it to reform the deed in question."

A demurrer to the bill having been sustained and the bill dismissed, the plaintiffs appealed to this court.

The demurrer presents this question: Is the decree entered in the court of land registration *res judicata* and a bar to the suit to reform the deed?

With regard to the organization, jurisdiction and powers of the court of land registration, in general, chapter 154, R. L., and Act 11, L. 1909, may be referred to; but we cite particularly, as being pertinent to the question before us, certain portions of sections 2395 and 2431, R. L., and of sections 4 and 5, Act 11, which read as follows:

(Sec. 2395.) "A court is hereby established, to be called the court of land registration, which shall have exclusive original jurisdiction of all applications for the registration of title to land within the Territory, with power to hear and determine all questions arising upon such applications, and also have jurisdiction over such other questions as may come before it under this chapter, subject, however, to the right of appeal, as hereinafter provided: The proceedings upon such applications shall be proceedings in rem against the land, and the decree shall operate directly on the land and vest and establish title thereto."

(Sec. 2431.) "If the court after hearing finds that the ap-

plicant has title, as stated in his application, and proper for registration, a decree of confirmation and registration shall be entered. Every decree of registration of absolute title shall bind the land, and quiet the title thereto, subject only to the exceptions stated in the following section. It shall be conclusive upon and against all persons, including the Territory, whether mentioned by name in the application, notice or citation, or included in the general description 'to all to whom it may concern.' "

(Sec. 4.) "The court of land registration shall have power to make and award all such judgments, decrees, orders and other processes, and to take all other steps necessary for the promotion of justice in matters pending before it, and to carry into effect all powers which are, or may be given to it by the laws of the Territory."

(Sec. 5.) "The court may remove clouds on titles and may find and decree in whom the title or any interest, legal or equitable in land is vested, whether in the applicant or in any other person."

It will be observed that under the statutory authority cited the court of land registration has exclusive original jurisdiction of all applications for the registration of title to land, with power to hear and determine *all* questions arising upon such applications and to decree in whom the title or any interest, legal or equitable in land is vested, whether in the applicant or in any other person,—the title to the land being the issue before the court.

While it is true the court does not possess the general powers of either courts of law or of equity, and its jurisdiction is limited to the determination of the status of the title to land, nevertheless, for that single purpose, its powers are peculiarly adapted and are ample and complete. It does not possess power to reform a deed, but it may determine the validity of a deed, and accordingly, it may hear and consider any competent evidence to the end that a decree may be entered declaring in whom

the title or any interest, legal or equitable in land is vested, whether in the applicant or in any other person, notwithstanding the express terms of any deed or instrument. The court proceeds directly to the question of title regardless of obstacles or technicalities. The statute was enacted with the sole purpose in view of affording an opporunity to settle and quiet titles, and the decree of the court thus created is final and conclusive against all persons.

It may be said of our statutory provisions in this regard and of our land court, as was said of a similar statute and court in Massachusetts, in *Cudahy Packing Co.* v. *Fairbanks Canning Co.*, reported in Massachusetts' Land Decisions, 222, that "The land registration act, however, is an act which looks solely to the determination of the status of the title to a given tract of land. The land court has full power both at law and in equity as to all questions that may arise in determining that matter, but there its jurisdiction ends. Its decrees are decrees in rem. The sole matter before it is the land, its title, its location on the ground, and an official declaration of the vested rights of any persons therein."

The proceedings being *in rem* the decree entered avails against all the world. Any person having an interest in the land may, however, interpose his claim and may also appeal from the decree. These plaintiffs availed themselves of this right to the extent of presenting their claim, but failed to appeal from the decree entered; hence, that decree is final and conclusive against them.

The court having jurisdiction of the subject matter, and power to hear evidence and to determine the title to the land in question, the ruling that it did not possess equity powers to re-from the deed, and for that reason would not hear the evidence as to the alleged fraud, is wholly immaterial so far as the question before us is concerned. The parties had the right to present their evidence and to have it considered by the court, but failing to appeal from the decree they are now bound by it.

Paahao v. Swinton, 20 Haw. 355.

They have had their day in court. The title to the land has been adjudicated and the ownership finally determined.

With the record and proceedings thus before us it is obvious that the parties, the subject matter and the issue which were before the court of land registration are the same in the suit now on appeal before us; and, applying the fundamental principle, that an issue once determined by a court of competent jurisdiction may be relied upon as an effectual bar to any further dispute upon the same matter by the parties to the litigation, it follows that the decree entered in the court of land registration is *res judicata* and a bar to the suit to reform the deed.

In view of the conclusion reached the other questions presented need not be considered.

The decree sustaining the demurrer is affirmed.

*C. W. Ashford* for plaintiffs.

*Magoon & Weaver* for defendants.