IN THE MATTER OF THE APPLICATION OF THE
STATE OF HAWAII TO REGISTER AND CONFIRM
TITLE TO LAND SITUATE AT KUKUIAEO,
KULA, MAUI, STATE OF HAWAII.

No. 4558.

AUGUST 29, 1968.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT
JUDGE FUKUSHIMA IN PLACE OF
MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the State of Hawaii from a Land Court decree dismissing its application for registration of fee simple title to two parcels of land in Kula, Maui, which it claims as government remnants lying between Grants 963, 1088, and 1468, to Kahainapule, Kalawe, and Conde, respectively. The parcels are separated by a public road, which runs in an east-west direction. In the application, the parcel lying south of the road is designated as Lot A and the parcel lying north of the road is designated as Lot B. Lot A contains an area of 7.63 acres. The area of Lot B is 0.664 acre. The accompanying sketch shows the relative positions of Grants 963, 1088, and 1468, the road, and Lots A and B, as located by the State.

The application was contested by successors in interest of the grantees of Grants 963 and 1468. There was no contest by any person claiming under Grant 1088.

Before the issuance of Grants 963 and 1468, the lands covered thereby were government lands. Grant 963 was issued to Kahainapule on October 21, 1852, upon a survey made by A. F. Turner on July 19, 1852. Grant 1468 was issued to Conde on November 1, 1854, upon a survey made by John T. Gower on August 31, 1853. According to the surveys, the respective areas of Grants 963 and 1468 were 115 acres and 115.85 acres.

The claim of the State is based entirely on the difference in the course and distance of a portion of the easterly boundary of Grant 963 as set forth in the second call of the metes and bounds description in that grant and the course and distance of a portion of the westerly boundary of Grant 1468 as set forth in the eighth call of the metes and bounds description in the latter grant.

The course and distance in the second call of the description in Grant 963 was: "North 66° We. 4400 links along government." The course and distance in the eighth call of the description in Grant 1468 was: "North 57¼° We. 26.18 chains, along Kahainapule."

The State concedes that the first call in Grant 963 and the seventh call in Grant 1468, though not identical, ran very nearly in the same direction and the line described in those calls constituted a common boundary. But it takes the position that the difference of approximately 10 degrees between the second call in Grant 963 and the eighth call in Grant 1468 left a triangular pocket not included in either grant.

The contest is based on the fact that the eighth call in Grant 1468 stated that the course described therein ran "along Kahainapule." From this the contestants argue that Grant 1468 was intended to, and in fact did, adjoin Grant 963 and left no intervening remnant as claimed by the State.

In dismissing the application, the court below stated:

> "The evidence offered by the State of Hawaii shows that the description of the boundaries of the parcels of land covered by grants 963, 1088 and 1468 are conflicting and ambiguous. Moreover, the accuracy of the early surveys, upon which the description of the boundaries of the land covered by these grants were based, is questionable. The State of Hawaii has not proved it still has title to the land in dispute because the evidence offered does not sufficiently show that this land was not within the boundaries of one of the grants mentioned above."

We agree. In a land court application to register title, applicant has the burden of establishing its title. *Re Land Title, Wong,* 47 Haw. 472, 391 P.2d 403 (1964). The finding of the court below that the State did not meet this burden is not clearly erroneous in the light of the evidence adduced at the trial.

The evidence adduced at the trial consisted of copies of pertinent grants in the Hawaiian language, English translations thereof, surveyors' notes, and testimony of a single witness. The witness was James M. Dunn, State Land Surveyor. All of the evidence was adduced by the State. Contestants rested without offering any evidence.

In the case of a conflict in the description of a boundary between a call for an adjoiner and course and distance, the former

will ordinarily take precedence over the latter. *Land Co.* v. *Saunders,* 103 U.S. 316 (1880). The State recognizes this rule of construction. However, it says that the rule does not apply in this case because here, if the adjoiner were given precedence, the boundaries would fail to close by 400 feet, whereas, if course and distance were followed, the boundaries would close within 30 feet. While a failure to close by 400 feet may appear to leave a large gap, we cannot say that it is so unduly large as to render the general rule inapplicable, when considered in relation to the total distance of the boundaries of Grant 1468 stated in the survey, which was 167.44 chains or 11,051 feet.

Dunn testified that even in the case of Grant 963, the boundaries as described in Turner's survey failed to close by almost 90 feet; that Turner and Gower evidently never compared notes or anything else; that in ancient surveys around 1852, wherever two different surveyors surveyed adjacent lands there were always over-laps and remnants left over; that the government had no reason to create the kind of remnants which the State claims here; that the existence of such remnants was due to an incorrect or a careless survey; that he found a difference of anywhere from 10 to 40 or 50 feet in most of Gower's surveys; that the land was worth only about fifty cents an acre in those days, and Gower was not spending too much time in being accurate.

Affirmed.

*Nobuki Kamida,* Deputy Attorney General (*Bert T. Koba-yashi,* Attorney General, with him on the briefs), for the State of Hawaii, appellant.

*William F. Crockett* (*Crockett & Langa* of counsel) and *Nicholas W. Y. Char* (*Roy A. Vitousek, Jr.,* and *Vincent H. Yano,* also on the brief) for appellees.