HANNAH HAILI THOMAS, GEORGE DORLAN WHITE, and ELLEN JANE WHITE, Plaintiffs-Appellees, *v.* STATE OF HAWAII, et al., Defendants and JENNIE T. SEBASTIAN and MARVIN H. FUKUMITSU, Defendants-Appellants

NO. 5787

MARCH 30, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

This case involves a dispute over the ownership of certain appurtenant water rights. The principal parties in this appeal are Jennie T. Sebastian and Marvin H. Fukumitsu, appellants, and Kualoa Ranch, Limited, appellee.

The controversy has its genesis in a complaint filed in the circuit court on March 19, 1968, by Hannah Haili Thomas, George White, and Ellen White seeking to quiet title to eight parcels of land (Parcels I through VIII) situate in the City and County of Honolulu, wherein they alleged record title in themselves as well as ownership by adverse possession. No mention of water rights was made in the complaint.

On June 6, 1968, Kualoa Ranch filed a disclaimer, stating that "except as set forth in the Complaint herein [Kualoa Ranch] hereby disclaims any interest or estate in the property

in which Plaintiffs seek to establish and confirm title." On September 18, 1968, Kualoa Ranch filed its answer to the complaint, alleging ownership of an undivided one-seventh interest in the water rights appurtenant to Parcels I through VIII and requested that any decree entered by the trial court "state that the interests of Plaintiffs or any other claimants of the land are subject to Kualoa Ranch's said water rights." This answer was addressed specifically to the plaintiffs' complaint and did not qualify as a cross-claim against Sebastian and Fukumitsu or any of the other defendants. *Compare, Adair v. Hustace,* 55 Haw. 445, 521 P.2d 869 (1974). Moreover, it was never served upon Sebastian and Fukumitsu. *See* H.R.C.P. Rule 5.

On July 21, 1970, Sebastian and Fukumitsu filed their answer and counterclaim against the plaintiffs and their cross-claim against all other defendants, including Kualoa Ranch, claiming title to Parcel VIII by adverse possession. The papers were served upon Kualoa Ranch on August 26, 1970. No answer was ever filed by Kualoa Ranch to this cross-claim. *See* H.R.C.P. Rule 12.

On February 10, 1971, the plaintiffs and Kualoa Ranch entered into a stipulation, wherein the plaintiffs recognized and acknowledged Kualoa Ranch's ownership of an undivided one-seventh interest in the water rights appurtenant to Parcels I through VIII. The stipulation further recited that "Defendant Kualoa Ranch has no objection to the entering of judgment or granting of summary judgment to Plaintiffs as to any or all of said parcels so long as said judgment acknowledges and incorporates its one-seventh interest in the water rights in said parcel or parcels." The circuit court approved the stipulation. On February 12, 1971, the stipulation was amended to specify a one-sixth interest in the water rights instead of the one-seventh interest originally mentioned. Sebastian and Fukumitsu were not parties to the stipulation. Neither did they approve it.

On motion of the plaintiffs, the trial court granted summary judgment in their favor as to Parcels I through VII. Sebastian and Fukumitsu had disclaimed any interest in

these particular parcels. Apparently because of the stipula-
tion, the court included in its judgment a reservation of the
water rights appurtenant to these parcels in favor of Kualoa
Ranch. A motion by the plaintiffs for summary judgment as to
Parcel VIII was denied. Thereafter, upon a trial by jury,
which found in favor of the plaintiffs upon the issue of title
and ownership as to Parcel VIII, the trial court entered
judgment decreeing title and ownership of that parcel to be in
the plaintiffs. Again obviously because of the stipulation, as
amended, between the plaintiffs and Kualoa Ranch, the trial
court included in its judgment a reservation in favor of Kualoa
Ranch of an undivided one-sixth interest in the water rights
appurtenant to Parcel VIII. No specific objection was raised
by Sebastian and Fukumitsu to this inclusion, but they did
indicate on the face of the judgment that they were not
approving it as to form. Moreover, they did object to the
introduction of the stipulation as an exhibit between them-
selves and the plaintiffs, and the trial court allowed the plain-
tiffs to make reference to it only for the purpose of showing
that they were making no claim to the water rights at trial.[1]

---

[1] MRS. RYAN: If Your Honor please, at this time, I wish to object to the
introduction of any exhibit relating to any unilateral transaction between Hannah
Thomas and the Kualoa Ranch concerning water rights because my clients are not
parties to it. Up to this point, counsel has been talking about conveyances to Hannah
Thomas. Now, in effect he is introducing evidence which relate to recognition and
rights of others by Hannah Thomas which was not in any way binding upon my
clients.

THE COURT: Your last statement was what?

MR. SCEARCE: I'm speaking, Your Honor, in reference to the Kualoa Ranch
water rights which are shown on Plaintiff's Exhibit 2 —

THE COURT: I see.

MR. SCEARCE: In this area here. What I want to do is clarify the plaintiff's
Exhibit 2 for identification that my client is not claiming the water rights.

THE COURT: All right.

MR. SCEARCE: And the record in this proceeding will show a stipulation to
that effect, with the attorney for Kualoa Ranch, Limited.

THE COURT: All right. No problem there.

MRS. RYAN: If it is offered for that limited purpose only, I have no objection.

THE COURT: Yes. . . .

Sebastian and Fukumitsu subsequently appealed to this court from this adverse judgment.

In *Thomas v. State*, 55 Haw. 30, 514 P.2d 572 (1973), this court ruled as a matter of law that Sebastian and Fukumitsu had acquired title to Parcel VIII by adverse possession. Our Judgment on Appeal provided:

> "Pursuant to the Opinion of the Supreme Court of the State of Hawaii, filed on September 28, 1973, the judgment of the Circuit Court is reversed and the case is remanded for entry of judgment for defendants JENNIE T. SEBASTIAN and MARVIN H. FUKUMITSU; said defendants to have their costs herein."

On remand Sebastian and Fukumitsu moved the circuit court to enter a judgment adjudging them to be the owners of Parcel VIII in accordance with this court's decision. Their proposed form of the judgment made no reference to water rights appurtenant to Parcel VIII. The circuit court, however, entered a judgment decreeing them to be the owners of Parcel VIII, but reserving to Kualoa Ranch and its successors in interest a one-sixth undivided interest in the water rights appurtenant to that parcel. Sebastian and Fukumitsu have appealed from this judgment.

We reverse that portion of the Judgment on Remand reserving unto Kualoa Ranch, Limited, or its successors in interest, an undivided one-sixth interest in the water rights appurtenant to the parcel of land designated as LCA 2997:2 to Nakanelua and also as Tax Key 4-9-03-3 [Parcel VIII].

The circuit court ought not to have included the reservation in the Judgment on Remand, entered by it on September 18, 1974. As between the plaintiffs and Sebastian and Fukumitsu the matter of water rights appurtenant to Parcel VIII was never in issue. The plaintiffs' complaint was directed solely to the title and ownership of Parcel VIII. Sebastian and Fukumitsu's answer and counterclaim and their cross-claim against Kualoa Ranch and the other defendants were addressed strictly to the issues raised in the complaint.

Neither can it be said that the issue of water rights was tried by the express or implied consent of the parties. *See* H.R.C.P. Rule 15(b); *Territory v. Branco,* 42 Haw. 304 (1958). At the onset of trial, the plaintiffs' counsel specifically represented to the trial court that they were making no claim to the water rights appurtenant to the parcels described in their complaint. Sebastian and Fukumitsu strenuously objected at trial to any reference being made to the stipulation regarding water rights between the plaintiffs and Kualoa Ranch. They made it clear to the trial court that they did not consider themselves bound by the stipulation between the plaintiffs and Kualoa Ranch. And it is axiomatic that one not a party to a stipulation may not be bound by it. *See Arnett v. Throop,* 75 Idaho 331, 272 P.2d 308 (1954).

Kualoa Ranch did assert its title to the water rights, a claim which the plaintiffs acknowledged and recognized. But this assertion of ownership was by way of an answer to the plaintiffs' complaint. As we pointed out earlier, Kualoa Ranch's answer was not a cross-claim against Sebastian and Fukumitsu, and it was never served upon them. In this connection, we also point out that insofar as the water rights specifically were concerned, Sebastian and Fukumitsu were not mandated to file a cross-claim against Kualoa Ranch. Rule 13(g) of the Hawaii Rules of Civil Procedure, relating to cross-claims, unlike Rule 13(a) which deals with compulsory counterclaims, is permissive in its application. *American Sur. Co. of New York v. Fazel,* 20 F.R.D. 110 (S.D. Iowa 1956); *Adair v. Hustace, supra;* 6 Wright and Miller, Federal Practice and Procedure, § 1431 (1971); 3 Moore's Federal Practice, § 13.34(1) (1974).

Kualoa Ranch did not answer Sebastian and Fukumitsu's cross-claim of title to Parcel VIII by adverse possession and did not contest their claim at trial. The question of ownership of the water rights was not an issue before the jury. Neither was it an issue in the original appeal. *Thomas v. State, supra.* Kualoa Ranch, through its counsel of record, was served with copies of all papers, including the notice of appeal and the

appellate briefs, in *Thomas v. State, supra,* by Sebastian and Fukumitsu. Kualoa Ranch chose not to participate in that appeal.

That portion of the Judgment on Remand reserving the water rights to Kualoa Ranch is reversed, and the case is remanded for entry of judgment in accordance herewith.[2]

*Helen B. Ryan (Ryan & Ryan,* of counsel) for defendants-appellants.

*Robert B. Bunn (Cades, Schutte, Fleming & Wright,* of counsel) for defendants-appellees Kualoa Ranch, Limited.

---

[2] What effect McBryde Sugar Co. *v.* Robinson, 54 Haw. 174, 504 P.2d 1330, affirmed on reh. 55 Haw. 260, 517 P.2d 26 (1973), cert. denied 417 U.S. 962 (1974) might have on the respective rights of the parties to water we do not on the existing posture of this case decide. We hold only that judgment should be entered in favor of Sebastian and Fukumitsu, with all references to water rights appurtenant to Parcel VIII deleted.