HISAO YOSHIMOTO, YOSHITO YOSHIMOTO, LILLIAN T. WILHELM and BERTROM WILHELM, SR., Plaintiffs-Appellees, *v.* WILLIAM L. LEE, AIAWALE, H. KAAIKAULA, KAAIMOKU, M. KAHIAPO, KAHOOMANA, KAIPO, KAOMEHA, KALIA (KELIAA), KALAUAALA, I. KANAKAOLE, KAPIHE, KEKOLOHE, HIKOOPAOA, KELIIAE, KEPOU, S. KUHAULUA, KUHIO, KUPA, ISERAELA, HOOKAEA, HOLAKA, MIA, OINA, MOMONA, MOO, MI, NAKILA, NIAUHOE, PALAUOLELO, PILIPILI, PAKA (POKA), PULEHU, WAHIELOA (WAHULOA), or their heirs or successors in interest; and the following adjoining landowners and occupants: HAIKU PROTESTANT CHURCH, HAWAIIAN EVANGELICAL ASSOCIATION OF CONGREGATIONAL CHRISTIAN CHURCHES, HOOMANA NAAUAO O HAWAII, HENRY W. KAHOLOKULA, LOUISE SYLVIA MACLOVES, JOHN KELEKONA KINA, BERNARD I. SHIRATORI and HELENE K. SHIRATORI; and all persons unknown who may claim interests in the real property described herein adverse to Plaintiffs and to all whom it may concern, Defendants-Appellants

NO. 7634

CIVIL NO. 3312

SEPTEMBER 30, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by certain persons claiming an interest in land from a judgment quieting title in that land in the appellees. The judgment was entered after a jury-waived trial. Finding no errors in the admission of evidence or in the findings of fact and conclusions of law entered by the court below, we affirm.

In 1850, King Kamehameha III by Royal Patent No. 226 granted a parcel of 210 acres described by metes and bounds and situate in Pauwela, Hamakualoa, Maui to William L. Lee, first Chief Justice of the Supreme Court of Hawaii. Subsequently, Lee's widow conveyed the parcel to 33 Hawaiians in 1864. The parcel apparently subsequently became known as the Hui Land of Pauwela. The parcel in question is a portion of that land. The record with respect to title is blank from 1864 until 1899 when one Naina conveyed three and one-half acres on which she was living to Kamauoha. In 1903, Kamauoha conveyed a portion of the property he had received from Naina to Pahia, whose name in other documents also appears as Erisabeta Pahia and Pahia Yoshimoto. In 1911, Pahia, now known as Pahia Yoshimoto and married to Sakuhachi Yoshimoto, conveyed several parcels to Sakuji Yoshimoto. It is impossible to tell from the deed if the parcel in question is included.

According to the testimony, Pahia and her husband, with two single men, continued to live on the premises with the permission of Sakuji Yoshimoto; and some five or six years later, Sakuji Yoshimoto with his wife moved on to the premises. They occupied a portion of the house while Pahia and the single men with Sakuji's permission occupied another portion. The plaintiffs are the children of Sakuji Yoshimoto and his wife. The Yoshimotos continued to occupy the premises, cultivating portions of the land and paying the taxes thereon from about 1917 until 1960 according to the findings of the court below.

Since there are obvious gaps in their record title, appellees did not establish title of record.

However, there is substantial evidence to support each of the findings of fact by the court below and those findings support the

conclusion of law that appellees had established title by adverse possession. Appellees' father Sakuji Yoshimoto took possession of the premises in 1917 or thereabouts, after having received a deed in 1911 from his sister-in-law Pahia Yoshimoto. Aside from his wife and children, the other people living on the premises were there with his permission.

As we noted in *Hana Ranch, Inc. v. Kanakaole,* 1 Haw. App. 573, 623 P.2d 885 (1981), it was customary for deeds of interests in hui lands to recite the interest in terms of acreage rather than percentage.

It is also clear that it was customary in the case of hui lands for those having an interest to enter upon the lands and stake out an area equal to their interest and thereafter fence and otherwise use the land, even living upon it. That may be what originally happened here, although we cannot tell from the record. At any rate, it is clear from the deposition of Tsugi Yoshimoto, wife of Sakuji and mother of the appellees, that Sakuji entered the land about 1917 under a claim of ownership and not as a co-tenant. The problems involved in a claim of adverse possession between co-tenants which were dealt with in *City & County of Honolulu v. Bennett,* 57 Haw. 195, 552 P.2d 1380 (1976) are not involved here. Clearly, his possession under the evidence and the facts found by the court was hostile to the rest of the world. There is no error in the conclusion that the appellees had established title by adverse possession.

Appellants also complain about the admission of exhibit 5, a lease. Appellants' objection at trial, however, was a general one. Unless specific grounds are stated for an objection, the admission of evidence is not error. 75 AM. JUR.2d, TRIAL § 167 (1974).

Appellants' final claim is that exhibit 10, the deposition of Tsuji Yoshimoto, should not have been admitted because leading questions were asked. It is well-settled under Rule 32(d)(3)(B), Hawaii Rules of Civil Procedure, that this is an objection which is waived unless made at the taking of the deposition. The judgment below is affirmed.

*David K. Namaka,* for appellants.
*Walter T. Shimoda,* for appellees.