IN THE MATTER OF THE PROTECTION OF THE PROPERTY OF MICHELE ADAM, the Protected Person.
No. 28158
Intermediate Court of Appeals of Hawaii.
February 26, 2008.
On the briefs:
Richard Adam, Respondent-Appellant.
Mark Van Pernis and Gary W. Vancil, (Van Pernis  Vancil), for Petitioner-Appellee.
Jerel I. Yamamoto, (Nakamoto, Okamoto & Yamamoto), Successor Guardian of the Property-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Respondent-Appellant Richard Louis Adam (Adam), appearing pro se, appeals from he Judgment of the Circuit Court of the Third Circuit (probate court), which entered judgment in favor of Successor Guardian Jerel I. Yamamoto (Yamamoto), and against Adam and Petitioner-Appellee Gloria Poorman (Poorman).[1]
Adam's opening brief does not comply with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). For example, although Adam's brief identifies 38 alleged errors, these points of error fail to properly state where in the record the alleged errors were objected to or the manner in which the alleged errors were brought to the attention of the probate court.
Additionally, most of Adam's points of error fail to state where in the record the alleged error occurred. See HRAP Rule 28(b)(4).
"Commensurate with the duty to object is the duty to identify where in the record that objection occurred." Onaka v. Onaka, 112 Hawai`i 374, 387, 146 P.3d 89, 102 (2006). In Onaka, the Supreme Court of Hawai`i declined to "canvas the record" to verify whether the appellant "appropriately preserved her points of error on appeal by making a timely objection to the challenged actions," and considered her appellate arguments waived. Id. Points of error not properly presented will be disregarded, but "the appellate court, at its option, may notice a plain error not presented. HRAP Rule 28(b)(4).
Additionally, Adam fails to argue most of the 38 points he presents as error. See HRAP Rule 28(b)(7) (providing that "[p]oints not argued may be deemed waived"). Adam only addresses one of those points in the section entitled "Case Law and Legal Argument." That point is: "I should have been appointed the Guardian under the laws of the State of Hawaii and Uniform [P]robate [C]odes[.]"
Also, Adam has failed to provide the court with transcripts filed in accordance with HRAP Rule 10 with regard to most of the issues that he seeks to raise on appeal. The record on appeal contains transcripts from only five proceedings: (1) an April 5, 2001 hearing on a March 21, 2001 Motion for Approval of Sale of Real Property ("Approval of Sale Motion"), (2) a March 21, 2002 hearing on Adam's January 2, 2002 motion for a new trial ("New Trial Motion"), (3) April 10, 2002 and April 15, 2002 hearings on Adam's motion seeking the recusal of Judge Nakamura ("Recusal Motion"), and (4) a June 6, 2002 hearing on Adam's April 23, 2002 motion for a change of venue and the recusal of Judge Nakamura for embezzlement (Venue/Recusal Motion).[2]
Adam's opening brief also cites to transcripts which are not part of the record on appeal, in violation of HRAP Rule 10 (a) and (b), and Rule 28(b)(10). For example, Adam cites to a transcript that was part of the record of another appeal, and to a photocopy of a transcript for an evidentiary hearing, which was attached to his opening brief as "Appendix C." See HRAP Rule 28(b)(10), and 10(b)(3).
The Supreme Court of Hawai`i "has consistently adhered to the policy of affording litigants the opportunity to `have their cases heard on the merits, where possible.'" Bettencourt v. Bettencourt, 80 Hawai`i 225, 230, 909 P.2d 553, 558 (1995) (quoting O'Connor v. Diocese of Honolulu, 77 Hawai`i 383, 386, 885 P.2d 361, 364 (1994) (citations omitted)) (emphasis added). However, the Supreme Court has declined to review issues on appeal when the appellant has failed to provide transcripts of the relevant proceedings. Id. at 230-31, 909 P.2d at 558-59; see also Marn v. Reynolds, 44 Haw. 655, 663, 361 P.2d 383, 388 (1961).
Applying these principles here, we will not address those issues for which relevant transcripts have not been provided, for which no discernable argument has been given, or which do not identify where in the record the alleged error occurred and where it was objected to or otherwise brought to the attention of the probate court. We will address the following points of error:
(1) Did the probate court err in approving the sale of the Hawaiian Ocean View Estates (HOVE) property?
(2) Did the probate court err in denying Adam's New Trial Motion?
(3) Did the probate court err in denying the Recusal Motion and the Venue/Recusal Motion?
(4) Should [Adam] have been appointed the Guardian under the laws of the State of Hawai`i and Uniform Probate Codes?
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Adam's points of error as follows:
(1) The probate court did not abuse its discretion in approving the sale of the HOVE property, Hawaii Revised Statutes (HRS) §§ 560:5-403(4) & 408 (1993), given the condition and history of the property, and the prior efforts made to sell the property.
(2) The probate court did not abuse its discretion in denying Adam's New Trial Motion, since the motion was untimely. See Hawai`i Rules of Civil Procedure (HRCP) Rule 59(b).
(3) The probate court did not abuse its discretion in denying the Recusal Motion and the Venue/Recusal. Motion, since Adam failed to demonstrate that Judge Nakamura was biased against him. The fact that Judge Nakamura had issued rulings adverse to Adam did not establish bias. Aga v. Hundahl 78 Hawai`i 230, 242, 891 P.2d 1022, 1034 (1995).
(4) The probate court did not err when it appointed Stephen J. Arnett (Arnett) rather than Adam as guardian. The court's order appointing Arnett as guardian indicates that the appointment was made pursuant to a stipulation entered into by Adam and Poorman, through their attorneys. The Order Appointing Independent Third Party As Guardian states in relevant part:
The Court having carefully considered the Petitions, the record herein and the stipulation placed on record by the parties [sic] attorneys by telephone on June 24, 1999 wherein the parties agreed through their respective attorneys to the court's appointment of an independent third party Guardian of the Property the court HEREBY ORDERS, ADJUDGES AND DECREES:
1. A basis exists for the appointment of a Guardian of the property of [Michele] Adam and it is in the best interests of [Michele] Adam that a Guardian of the property be appointed.
2. Therefore and pursuant to the parties stipulation Steven Arnett is hereby appointed as independent third party Guardian of the Property of [Michele] Adam.
(Emphasis added.)
Since the record indicates that Adam stipulated to the appointment of Arnett, he cannot challenge the appointment on appeal. Hana Ranch, Inc. v. Kumakahi, 6 Haw. App. 341, 353, 720 P.2d 1023, 1032 (1986). Although Adam suggests that he was pressured by the probate court into agreeing to that stipulation, the record on appeal does not support that assertion.[3] Given the stipulation, and given the absence of evidence in the record establishing that Adam did not in fact consent to the stipulation, the probate court did not err in appointing Arnett as Guardian of Michele's property. See HRS § 560:5-410(b)(1993).
Therefore,
IT IS HEREBY ORDERED that the Final Judgment of the Circuit Court of the Third Circuit entered on September 22, 2006 is affirmed.
NOTES
[1] The Hon. Greg K. Nakamura presided.
[2] The Honorable Riki May Amano presided over the April 10, April 15, and June 6, 2002 hearings.
[3] Adam did not include in the record on appeal a transcript of the June 24, 1999 hearing on Poorman's and Adam's petitions for appointment of guardian of property.