## MANU KAPULE, ANNA LEWI, DANIELA KAPULE, MARIE KAPULE and LOUISA KAPULE, infant, by her Guardian ad litem *v.* MOKUHIWA and KAHUE, her husband.

APPEAL FROM DECREE OF CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED MARCH 30, 1899.          DECIDED MAY 8, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

An answer to a bill in equity should be signed by respondent, and sworn to by him, unless the oath be waived by the bill.

An unsworn answer, signed by an attorney for defendants, is no answer.

A receipt for money by a wife in part payment of land of his wife, her name being written by her husband and crossmark affixed by her, she having agreed verbally to the sale, and the party purchasing immediately entering into possession of the premises, binds the wife, and entitles the purchaser or his heirs to a decree of specific performance.

### OPINION OF THE COURT BY JUDD, C.J.

This is a bill for specific performance. The circuit judge dismissed the bill on the ground that Mokuhiwa, the defendant, did not bind herself to execute the deed for the conveyance of the land in question, saying: "There is a doubt in my mind as to the genuineness of the cross mark against Mokuhiwa's name, for there was no witness to it."

The decree dismissing the bill is appealed from by plaintiffs. The substantial facts alleged in the bill and sustained by the

evidence are, that Mokuhiwa being possessed in her own right of the land described in Royal Patent numbered 6700, situate in Waiehu, District of Wailuku, Maui, agreed orally, together with her husband Kahue, to sell the land to Kapule for five hundred dollars. This was in 1891. Plaintiffs are the children and heirs at law of Kapule who died intestate. One hundred dollars in cash was paid by Kapule soon after the agreement was made. The receipt for the one hundred dollars is as follows:

"We two have received one hundred dollars from Kapule, money for the sale of a certain piece of land of Mokuhiwa for five hundred dollars. One hundred dollars is paid, four hundred dollars remain. For the truth of this money received by us on this 21st day, M. 1891.

Mokuhiwa       ` kona       her  
X         X  
Kahue."         kaha   or   mark

There were introduced in evidence about twenty-eight receipts, mainly being for money advanced by plaintiffs to pay interest on the mortgage on the land, and taxes. Some of them have Mokuhiwa's name alone signed to them; some have Kahue's name; and some of the receipts bear both names. One receipt is signed by W. R. Castle and dated September 1, 1893, in which he acknowledges the payment of $350, fully explained by the testimony to be money paid in plaintiffs' behalf for interest and principal on a mortgage which was upon the land when Kapule bought it.

Plaintiffs tendered $63.50 to the defendants being the balance alleged to be due, but it was declined.

Plaintiff's father Kapule entered into possession of the premises in 1891, and plaintiffs, his heirs, are still in possession The original ownership of the land by Mokuhiwa and the relationship of plaintiffs to Kapule are admitted.

The first point raised by the appeal is the overruling of plaintiffs' motion to strike defendants' answer from the files because it is not signed by the parties or either of them, and is not sworn to.

The general rule is that the answer of the defendant must be signed by him. 1 Beach, Equity, Sec. 355; Dan., Ch. Pr., Sec. 733; *Denison v. Bassford*, 7 Paige 390. And we might quote other authorities but they are unnecessary since our statute, Section 1501, Civil Laws, provides explicity that "an answer shall be supported by oath unless waived by the adverse party." This is the latter part of the section which reads: "A defense in equity shall be made by demurrer, plea or answer."

In this case the answer was signed "Mokuhiwa and Kahue by their attorney, J. Mahiai Kaneakua." It was not sworn to. It does not bind the conscience of the respondent and is no answer. We cannot find by it that Mokuhiwa denies that she signed the receipts for the purchase money on the contract of sale.

Have the plaintiffs proved a contract for a sale of land sufficiently to entitle them to relief.

The oral agreement for the sale of the land is well established. Mokuhiwa and Kahue sought Kapule as a purchaser and agreed to sell the land to him for five hundred dollars, as a mortgage thereon made by Mokuhiwa to W. R. Castle was advertised to be foreclosed.

Somewhat later, the first payment of one hundred dollars was made. Manu Kapule says that he was present when the sale was discussed and agreed to by defendants to his father Kapule; that he "saw the receipt above recited signed by Mokuhiwa and Kahue." He does not say that she wrote her name herself. It closely resembles the handwriting of Kahue and was undoubtedly written by him, but if Manu's testimony is true, and it is not denied, that he "saw her sign" the receipt he must mean that she signed it by making her cross-mark. She being present when her name was written by Kahue even if he made also her cross-mark it is legitimate to infer that she authorized her husband to sign her name .

It is contended that this receipt does not sufficiently describe the land to enable the court to decree specific performance of the contract of sale. Another paper in evidence reads "September 21, A. D. 1891, I Mokuhiwa and M. Kahue we two whose

2

names are written above, agree to sell a certain piece of land situate at Kumuwiliwili, Waiehu, Maui, to Kapule for five hundred dollars if we truly receive it and if he pays it fully, it will become Kapule's absolutely. For the truth of this we hereby sign our own names.

Mokuhiwa     her

X

Kahue."     mark

This paper, if its execution was duly proven, would supply the deficiency as to the description of the land for which the one hundred dollars was paid, for it gives the name of its locality. But upon an examination of the evidence sent up we do not find any testimony proving it. The names written indeed resemble the signatures affixed to the receipt for one hundred dollars. But the failure to prove its execution does not avail the defendants. There is on file a written admission by the parties that Apana 4 of the land in question contains 3.49 acres and that said Apana 4 is situated at Kumuwiliwili," Waiehu, Maui. Moreover it is in evidence that Kapule and family after him, took possession of this very piece of land, which, according to *Aylett v. Keaweamahi*, 8 Haw. 320-329, is evidence of identification of the land, and shows part performance.

The circuit judge relied upon the case of *Opunui v. Kauhi*, 8 Haw. 649. In that case the woman, whose separate estate the land in question was, expressly declined to sign the contract of sale, and she also declined to direct her husband to sign for her.

It was not necessary that Mokuhiwa should have signed every receipt for the money. All of the circumstances convince us that Mokuhiwa was a willing party to the agreement to sell, and that the plaintiffs have a clear right to the relief prayed for.

If the plaintiffs have not paid the full amount of the purchase money, reference may be made to the clerk to compute the same and to report thereon. On the coming in of this report an appropriate decree will be made.

*G. Hons* and *Robertson & Wilder* for plaintiffs.

*J. M. Kaneakua* for defendants.