HANA RANCH, INC., Plaintiff-Appellee, *v.* HELEN AIIPOALANI KANAKAOLE, et al., Defendants-Appellants

NO. 6648

FEBRUARY 5, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment below quieting title to certain land situate at Kawela, Hana, Maui. The land in question is basically the property granted by King Kamehameha IV under Grant 2930 to twenty grantees. The original Grant consisted of approximately 181.93 acres. On this appeal, the disputes involve two undivided 1/20th interests in the property, specifically, the 1/20th deriving from the original Grantee Kapule and the 1/20th deriving from the original Grantee Kaholokahiki. As to the 1/20th interest deriving from Kapule, the dispute is between the Appellants Hokoana on the one hand and the Appellees Sentinella on the other. As to the 1/20th deriving from Kaholokahiki, the dispute is between the Appellant Flores on the one hand and the Appellee Hana Ranch, Inc. on the other. The Notice of Appeal was also taken in the name of Cecilia Makekau whose claim involved a different 1/20th interest but no further steps have been taken on that appeal. Counsel for the appellants, on oral argument, stated that he did not represent that appellant. Accordingly, pursuant to Rule 73(a) of the Hawaii Rules of Civil Procedure (HRCP), the appeal of Cecilia Makekau is dismissed.

The complaint below was one for partition under Chapter 668, *Hawaii Revised Statutes* (HRS), and to quiet title under Chapter 669, *HRS*. The judgment below, with respect to the two interests in question, was in favor of the Sentinellas and Hana Ranch, Ltd., respectively, on the quiet title issue. Appropriate recitals were contained in the judgment so as to

 

make it final for purposes of appeal under the provisions of Rule 54(b), HRCP. Since different facts and legal issues are involved in the case of each of the two shares in dispute, we will deal with them separately.

## HOKOANA-SENTINELLA

At the threshold, we are met with the contention on the part of the Appellees Sentinella that the Hokoana appeal should be dismissed for lack of standing. This is based upon the fact that the person intervening and appearing in the court below as a party was John Hokoana, Jr. (although John Hokoana, Sr. apparently was physically present in the courtroom). His proof showed that his father was still living and that the claim was one of heirship coming through John Hokoana, Sr. In other words, John Hokoana, Jr. had no present interest in the property even under his claim. The appeal was filed in the name of both John Hokoana, Sr. and John Hokoana, Jr. While the Hokoanas are represented by counsel at the appellate level, John Hokoana, Jr. was pro se at the trial level and John Hokoana, Sr. made no appearance as a party in the record at all.

It is apparent from the testimony of Bernice Hokoana, the wife of John Hokoana, Jr., that the Hokoanas, in asserting a claim to the property in question, are pursuing some sort of an ohana concept either as heirs of C. K. Kapule, who was alive in the late 19th century or as descendents of one Kapule who is alleged to have died in 1818 and to have been a kahuna giving prayers at the court of Kamehameha I. The cultural concepts upon which modern law and society, with respect to matters such as heirship, descent and the ownership of real property, are based, often diverge widely from those of early Hawaiian society, which are still held by some persons of Hawaiian descent today. These differences can cause both failures to understand and misunderstandings. This is evident, for example, in the dialogue between the attorneys in this case and the Hokoanas' witness Bernice Hokoana. Cases of this nature, i.e. cases to quiet title to real property, are

particularly likely to involve such failures to understand and misunderstandings. It behooves the court in the pursuit of justice on behalf of all the parties not to be over nice in the application of modern, technical, legal concepts in determining standing in such cases. Accordingly, we rule that the Appellants Hokoanas had sufficient standing to present their appeal to this court.

Finding of Fact No. 18 below read:

Defendant John H. Hokoana, Jr. has not produced any credible evidence linking his family genealogy to the original Patentee Kapule or the property in question or rebutting the Sentinellas' *prima facie* showing of adverse possession.

We affirm that Finding as not being clearly erroneous.

The evidence of the Hokoanas' witness, Bernice Hokoana, was to the effect that her husband and her father-in-law were heirs of one C. K. Kapule through his brother Aene and were descendents of one Kapule a "minister" at the court of Kamehameha the Great. Exhibit H-1 in evidence is the record of certain litigation between Aene and his brother C. K. Kapule with respect to certain lands in Waiehu, Maui, which C. K. Kapule and Aene along with another deceased brother had inherited from their father Kula. Kula apparently acquired the land in the Mahele as Land Commission Award 3432, Royal Patent 5171. This evidence does not link C. K. Kapule to the Kapule who was an original grantee to the land in question.

We note from the reports of the Supreme Court of the State of Hawaii that at approximately the same time, there was a Kapule in Waiehu, Maui who left five living children and who was involved in the purchase of certain other lands. *Kapule v. Mokuhiwa*, 12 Haw. 15 (1899). Whether this Kapule and C. K. Kapule were the same person or whether this Kapule was the same person as the original grantee of the lands in question, the evidence does not reveal. If he was the same person, of course, his children rather than his brother's children would be his heirs.

Moreover, the Indices of Land Commission Awards reveal that there was a Kapule who was awarded land at

Paauhau 3 in Hana, Maui in the Mahele by Land Commission Award 5178. His connection with C. K. Kapule, with the other Kapule appearing of historic record and with the grantee of the premises in question is unknown.

Bernice Hokoana's testimony at trial did not establish that the Kapule who was an original grantee of the premises in question was one of the Kapules in the Hokoana family tree. Accordingly, that part of the finding of the court below is correct and is affirmed.

As to the finding that the Sentinellas had title by adverse possession, the record is clear that Hana Ranch, Ltd. and its predecessors since 1899 have been in possession of the land in question under a succession of leases from the present Sentinellas and their forebearers. It is also clear that the Sentinellas have been claiming title to the Kapule share of the land during all of that period based on a recorded deed of February 4, 1899 from Kamai Auki whose parents were, according to the deed, the heirs of Kapuleole. The deed recitals are competent evidence of descent. *Apo v. Dillingham Investment Corporation*, 57 Haw. 64, 549 P.2d 740 (1976). The record, however, does not set forth the relationship of Kapuleole to the grantee Kapule. The court below found record title in the Sentinellas. Since there was no evidence linking Kapuleole to the Grantee Kapule, that holding is questionable. However, the court also found they had title by adverse possession.

It is possible that there may be other persons having an interest in the Kapule share of the property in question through descent from Kapule, the original grantee. However, the Hokoanas failed to establish that they were such persons. It is settled in a quiet title action that a defendant cannot set up title in a stranger to defeat the claim. *Harrison v. Davis*, 22 Haw. 465 (1915). Accordingly, we have no occasion in this branch of the case to go into the legal principles involved where the dispute is one between co-tenants. Compare *City & County of Honolulu v. Bennett*, 57 Haw. 195, 552 P.2d 1380 (1976). Here the evidence of adverse possession on the part of the Sentinellas through their lessee was sufficient to be the

basis of the court's finding of title in them. They had met their burden of proof. See *State v. Zimring*, 58 Haw. 106, 566 P.2d 725 (1977). Accordingly, that finding is affirmed.

## FLORES-HANA RANCH, LTD.

Flores adduced evidence that he was a decendent of a person named Kaholokahiki. Hana Ranch traced its record title to a deed from Malie Hookano to L. Kepano, acknowledged at Kalawao, Molokai on September 6, 1885. It also claimed title by adverse possession. It and its predecessors had been in possession of the premises in question for more than the statutory period. The Findings of Fact and Conclusions of Law involved in this branch of the appeal are:

Finding of Fact 27:

Hana Ranch claims record title to the Kaholokahiki share to the Property under the following conveyances which are relevant to the material issues:

(a) A deed from Malie to Lono Kepano, also known as J. L. Kepano, dated September 6, 1883, recorded Liber 107, Page 366 (Exhibit 41), which contains a recital that the grantor is the wife and heir of Kaholokahiki.

(b) A deed from Lono Kepano, also known as J. L. Kepano, to Benjamin, dated August 14, 1905, recorded Liber 272, Page 427 (Exhibit 43).

Finding of Fact 30:

The evidence produced by Flores is not sufficient to prove he is the sole heir of Patentee Kaholokahiki. There is insufficient evidence to prove that Malie, under whom Hana Ranch claims, is the sole heir of Patentee Kaholokahiki.

Conclusion of Law 1:

Hana Ranch has record title to an undivided 90/100th interest in the Property, which constitute the shares in the Property of the following Patentees:

. . . .

20) Kaholokahiki

Conclusion of Law 5:

Hana Ranch had for more than twenty years prior to the filing of the Complaint been in the actual, open, notorious, continuous and exclusive possession of the Property, under color of title, against the world, except the Keokeo Heirs, and except the Sentinellas.

Conclusion of Law 7:

Hana Ranch has established title to the Property by adverse possession, against the world, except as to the undivided 5/100th interest in the Property held by the Sentinellas which constitutes the Kapule share of the Property, and except as to the undivided 1/7th x 5/100th interest in the Property which constitute the 1/7th part of the Kaianui share in the Property held by the Keokeo Heirs.

With respect to Finding No. 27, it is erroneous since that there is no statement in the deed in question that Malie was the heir of Kaholokahiki. The translation attached states only that she was the wife of Kaholokahiki, Deceased, and in that respect, the translation appears accurate.

We also note that the deed purports to be for one acre in the property in question. A 1/20th interest in the property in question would be approximately nine acres. "Nine acres" would customarily have been referred to as the area of the interest in the land under the usage at the time as is witnessed by the other deeds which Hana Ranch has introduced in evidence with respect to the other 1/20th interests in the property which it acquired.

On the basis of the record, Finding of Fact No. 30, therefore appears to be correct; that is, neither party established that his or its predecessor in title was the sole heir of Kaholokahiki. That being so, Conclusion of Law No. 1 holding that Hana Ranch, Ltd. had established title by record if read to mean that Hana Ranch, Ltd. had sole record title to the Kaholokahiki interest, is incorrect.

On the other hand, Finding of Fact No. 30, at least by negative implication, seems to imply that the predecessors in title of both Hana Ranch and Flores were heirs of

Kaholokahiki. From this, it would seem to follow that both had some record interest in the property in question. In such a case, under the principles laid down in *City & County of Honolulu v. Bennett*, 57 Haw. 195, 552 P.2d 1380 (1976), Conclusion of Law Nos. 5 and 7 establishing title in Hana Ranch, Ltd. on the basis of adverse possession would have to be reversed with respect to the Kaholokahiki share in the premises.

This is so because Hana Ranch or its predecessors took possession of the premises knowing that there were at least some co-tenants of some of the shares. Granted that it did not know of the Flores' claim, nevertheless, the deed from which it traced its interest could be found to be sufficient to have alerted it to the possibility of there being other heirs, for at least two reasons: One, the deed was for only one acre while the 1/20th interest was equivalent to nine acres, raising a question as to the ownership of the remaining eight acres, and two, the deed was from a widow and contained no recitals about her being the sole heir or there being a lack of children of the grantee. Hana Ranch admits that no actual notice of a claim adverse to them was given to any possible co-tenants and we see nothing to indicate that there was anything in the circumstances to excuse such notice. The case, thus, is on all fours with *Bennett, supra*.

Affirmed as to the Sentinellas-Hokoana portion of the judgment and reversed and remanded for further proceedings consistent with this opinion.

On remand, the court below should determine what title, if any, of Flores to the Kaholokahiki share and if it determines that he has any title, then in passing upon the issue of adverse possession, it should apply the tests laid down in *Bennett, supra*.

*Sanford J. Langa and David K. Kamaka* for defendants-appellants.

*Shackley F. Raffetto (James R.* Judge of the brief, *Mukai, Ichiki, Raffetto & MacMillan* of counsel) for defendants-appellees Sentinella.

*William F. Crockett* for plaintiff-appellee.