JEFF JOHN SILVA, Plaintiff-Appellee,
v.
AILEEN M. KUAMOO,[1] Defendant-Appellant, and
GERALDINE LEIMOMI OLSZOWKA-MARTINEZ, Defendant-Appellant, and
KAAHALAMA (k), et al., Defendants-Appellees.
No. 28245
Intermediate Court of Appeals of Hawaii.
April 30, 2009.
On the briefs:
Geraldine Leimomi, Olzokwa-Martinez, Defendant-Appellant Pro Se.
Philip J. Leas, W. Keoni Shultz, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, FOLEY, and NAKAMURA, JJ.
Defendant-Appellant Geraldine Leimomi Olszowka-Martinez (Olszowka-Martinez), pro se, appeals from the "Judgment as to Count II: Land Commission Award No. 10084" (Judgment), which was filed on November 16, 2006, and certified as a final judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54 (b) by the Circuit Court of the Third Circuit (circuit court).[2]

I.
Plaintiff-Appellee Jeff John Silva (Silva) filed a complaint to quiet title against numerous defendants, including Estherella Olszowka, who is Olszowka-Martinez's mother. The complaint sought to quiet title to the following properties situate at Hionaa, Kau, County and State of Hawai'i: 1) Parcel 5 (Count I); 2) Parcels 10 and 14 (Count II); and 3) Parcel 11 (Count III).
On June 2, 2006, a default judgment was entered by the circuit court clerk against Estherella 01szowka. On June 5, 2006, Olszowka-Martinez, purporting to act on behalf of Estherella Olszowka through a grant of a power of attorney, filed an answer in the names of both herself (Olszowka-Martinez) and her mother, Estherella Olszowka, with the circuit court. Olszowka-Martinez was allowed to participate as a party in the circuit court, but the default judgment against Estherella Olszowka was never set aside. Although Olszowka-Martinez acknowledged that she was not licensed to practice law, she filed pleadings that purported to be not only for herself, but on behalf of Estherella Olszowka through the power of attorney.
On September 1, 2006, Silva filed a motion for summary judgment on Count II of his complaint, arguing that he was entitled to judgment quieting title as to Parcels 10 and 14 based on his proof of paper title and, alternatively, through proof of adverse possession. On September 20, 2006, Olszowka-Martinez filed an opposition to the motion on behalf of herself and Estherella Olszowka. Silva's motion was granted. The circuit court ruled that the pleadings, together with the supporting documents and declarations, showed that fee simple title to Parcels 10 and 14 was vested in Silva, thereby entitling him to judgment as a matter of law.
On November 8, 2006, Olszowka-Martinez filed a notice of appeal in her name only. This premature notice of appeal became effective on November 16, 2006, when the circuit court entered its Judgment as to Count II and certified the Judgment as a final appealable judgment pursuant to HRCP Rule 54(b).[3]

II.
In her opening brief, in what appears to be her argument section, Olszowka-Martinez states the following:
IV. Appellant's Positions:
There are genuine issues of material facts regarding ownership and tenancy of the parcels in question that require that a jury make the ultimate determination as to ownership.
There is not a genuine title being entered by Jeff John Silva, to claim any rights under the laws of HRS [(Hawaii Revised Statutes) Chapter] 669 [(Quieting Title)]. Does the United States believe a colored title is a true deed?
For the reasons set forth below, we affirm the circuit court.

A.
At the outset, we address Silva's claim that Olszowka-Martinez lacks standing in this case. Silva contends that because Olszowka-Martinez only claims an interest in Parcels 10 and 14 as the daughter of Estherella Olszowka, Olszowka-Martinez lacks standing as long as her mother is alive. Silva further notes that because Olszowka-Martinez is not licensed to practice law, she cannot represent her mother on appeal.
However, under analogous circumstances in the context of a quiet title action, this court held that a son and father had standing to pursue an appeal. Hana Ranch, Inc. v. Kanakaole, 1 Haw. App. 573, 575-76, 623 P.2d 885, 887 (1981). In Hana Ranch, a son intervened and appeared pro se as a party in the trial court in a quiet title action, claiming an interest in the property based on heirship through his father who was still alive. Id. at 575, 623 P.2d at 887. The father did not make an appearance as a party in the trial court. Id. However, an appeal was filed in the names of both the father and son. Id. Although recognizing that the son had not claimed any present interest in the property, this court held that son and father had sufficient standing to present their appeal. We stated:
It is apparent from the testimony of Bernice Hokoana, the wife of John Hokoana, Jr. [(the son)], that the Hokoanas, in asserting a claim to the property in question, are pursuing some sort of an ohana concept either as heirs of C. K. Kapule, who was alive in the late 19th century or as descendents of one Kapule who is alleged to have died in 1818 and to have been a kahuna giving prayers at the court of Kamehameha I. The cultural concepts upon which modern law and society, with respect to matters such as heirship, descent and the ownership of real property, are based, often diverge widely from those of early Hawaiian society, which are still held by some persons of Hawaiian descent today. These differences can cause both failures to understand and misunderstandings. This is evident, for example, in the dialogue between the attorneys in this case and the Hokoanas' witness Bernice Hokoana. Cases of this nature, i.e. cases to quiet title to real property, are particularly likely to involve such failures to understand and misunderstandings. It behooves the court in the pursuit of justice on behalf of all the parties not to be over nice in the application of modern, technical, legal concepts in determining standing in such cases. Accordingly, we rule that the Appellants Hokoanas had sufficient standing to present their appeal to this court.
Id. at 575-76, 623 P.2d at 887 (emphasis added).
Based on Hana Ranch, we conclude that Olszowka-Martinez has standing to pursue this appeal.

B.
Olszowka-Martinez does not present a discernible argument or provide the court with any authority to support her claim that the circuit court erred in granting summary judgment as to Count II.[4] Instead, Olszowka-Martinez's opening brief only contains her conclusory assertions that the circuit court erred. The failure of Olszowka-Martinez's opening brief to provide specific reasons to support her claims of error provides a basis for us to reject Olszowka-Martinez's appeal. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) (7) ("Points not argued may be deemed waived."); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478-79, 164 P.3d 696, 736-37 (2007) (stating that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments"); Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967) (noting that "generalities and assertions amounting to mere conclusions of law" in a brief are insufficient).
In any event, we conclude that the circuit court did not err in granting summary judgment in favor of Silva and against Olszowka-Martinez on Count II. In support of his motion, Silva presented evidence establishing his paper title to Parcels 10 and 14. At minimum, Silva established that his title to Parcels 10 and 14 was superior to that of Olszowka-Martinez and her mother. See Ka'u Agribusiness Co. v. Heirs or Assigns of Ahulau, 105 Hawai'i 182, 187-88, 95 P.3d 613, 618-19 (2004) (concluding that in a quiet title action, "it is enough that the interest asserted by the plaintiff in possession of land is superior to that of those who are parties defendant") (quoting United States v. Oregon, 295 U.S. 1, 25 (1935)); Mauna Kea Agribusiness Co. v. Nauka, 105 Hawai'i 252, 257, 96 P. 3d 581, 586 (2004); Miller v. Kahuena, 1 Haw. App. 568, 571, 623 P.2d 89, 91 (1981). Thus, the circuit court did not err in concluding that there was no genuine issue as to any material fact and that Silva was entitled to judgment as a matter of law as to Count II. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

III.
We affirm the Judgment filed on November 16, 2006, by the circuit court.
NOTES
[1] Aileen M. Kuamoo, who is named in the caption, is no longer a part of this appeal. Kuamoo's appeal was dismissed due to her failure to prosecute her appeal.
[2] The Honorable Greg K. Nakamura presided.
[3] Silva also filed a separate motion for summary judgment as to Counts I and III. The circuit court granted this motion, and Olszowka-Martinez filed a second notice of appeal with respect to the circuit court's decision. However, because the circuit court did not issue a separate appealable final judgment as to Counts I and III, Olszowka-Martinez's appeal with respect to these counts is premature and this court does not have jurisdiction over such an appeal. See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58[.]"). Olszowka-Martinez's brief on appeal does not address the circuit court's grant of summary judgment as to Counts I and III.
[4] We also note that Olszowka-Martinez did not include the transcript of the hearing on Silva's motion for summary judgment as part of the record on appeal.