HALE MUA PROPERTIES, LLC., a Hawaii limited liability company, Plaintiff-Appellee/Cross-Appellee,
v.
ELDEN K. LIU, Defendant-Appellant/Cross-Appellee, HEIRS OR ASSIGNS OF KULA (k); HEIRS OR ASSIGNS OF KEALOHA (w); HEIRS OR ASSIGNS OF KAHOOKANO (k); HEIRS OR ASSIGNS OF KALAUAO (w); aka KALAOAO (w); and HEIRS OR ASSIGNS OF KAPULE, Defendants-Appellees/Cross-Appellants, HEIRS OR ASSIGNS OF KAIWI; HEIRS OR ASSIGNS OF KAMAHAME (k); HEIRS OR ASSIGNS OF WILLIAM RINGER; HEIRS OR ASSIGNS OF WILLIAM RINGER, JR.; HEIRS OR ASSIGNS OF MELE KAHEWAHEWANUI (w); HEIRS OR ASSIGNS OF MARY SYLVA, aka MARY KEANU; HEIRS OR ASSIGNS OF KAMAHA (k); HEIRS OR ASSIGNS OF PAELE; HEIRS OR ASSIGNS OF KALAWAIA KAUWAI (k); HEIRS OR ASSIGNS OF TERUBBABEL KAAUWAI (k); HEIRS OR ASSIGNS OF KAPAHI (k); HEIRS OR ASSIGNS OF KEONIANA (k); HEIRS OR ASSIGNS OF KAUWAHINE, aka KAMAHINE (w) or KAWAHINE (w); HEIRS OR ASSIGNS OF KEKUHINA (k); HEIRS OR ASSIGNS OF MAOMAO; HEIRS OR ASSIGNS OF J. LANI (k), aka JOHN LANI; HEIRS OR ASSIGNS OF KANOHOHAOLE, aka KANOHOHAOLE AINA (w); HEIRS OR ASSIGNS OF MANUELA LANI (k); HEIRS OR ASSIGNS OF KALIULA (k), aka KALIIULA (k) and LIIULA (k); HEIRS OR ASSIGNS OF KAALOA, aka S. KAALOA; HEIRS OR ASSIGNS OF KALOPA; STATE OF HAWAI`I; COUNTY OF MAUI; OFFICE OF HAWAIIAN AFFAIRS; owners of adjoining lands JANE L. LAIMANA; CATHERINE MCINTURFF; SUSAN LORD; LAURA ANN MINNICH; HATTIE SCHREIBER; VIOLA IRISH; PAULINE CURRY; JULIE MARIE GREEN; and Heirs of persons named above who are deceased, or persons holding under said Heirs, and spouses, assigns, successors, personal representative, executors, administrators, and trustees of persons named above who are deceased; DOES 1 through 100; and all other persons unknown claiming any right, title, estate, lien or interest in the real property described and TO ALL WHOM IT MAY CONCERN, Defendants-Appellees/Cross-Appellees.
No. 27859.
Intermediate Court of Appeals of Hawaii.
May 29, 2009.
On the briefs:
James P. Brumbaugh, Brian R. Jenkins, (Brumbaugh & Jenkins), for Defendant-Appellant/Cross Appellee Elden K. Liu.
Lance Castroverde for Defendants-Appellees/Cross-Appellants, Heirs or Assigns of Kula (k); Heirs or Assigns of Kealoha (w); Heirs or Assigns of Kahookano (k); Heirs or Assigns of Kauauao (w); aka Kalaokao (w); and Heirs or Assigns of Kapule.
Tom C. Leuteneker, (Carlsmith Ball), for Plaintiff-Appellee/Cross-Appellee Hale Mua Properties, LLC.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant/Cross-Appellee Elden K. Liu (Liu) appeals from the March 8, 2006 Final Judgment of the Circuit Court of the Second Circuit (circuit court)[1] in favor of Plaintiff-Appellee/Cross-Appellee Hale Mua Properties, LLC (Hale Mua). Defendants-Appellees/Cross-Appellants Joan Bickson, Luana Pang-Ching, and Lance Castroverde (collectively, Cross-Appellants) cross-appeal from the same judgment.
After a careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve Liu's appeal and Cross-Appellants' cross-appeal as follows:[2]

A. Cross-Appellants' cross-appeal
1. The circuit court did not prematurely entertain Hale Mua's motion for summary judgment. Hale Mua timely filed its motion for summary judgment under Hawai`i Rules of Civil Procedure (HRCP) Rule 56(a).[3] Cross-Appellants failed to file a motion to continue under HRCP Rule 56(f)[4] or present the circuit court with an affidavit containing facts showing why they could not obtain necessary information to oppose Hale Mua's motion for summary judgment. Even if the "request for accommodation" contained in Cross-Appellants' December 5, 2005 memorandum in opposition to Hale Mua's motion for summary judgment is taken as a HRCP Rule 56(f) request, Cross-Appellants did not provide reasons supporting the need for a continuance, other than that discovery was continuing. Therefore, the circuit court did not abuse its discretion by "denying" a continuance in this case.
2. The circuit court's order granting Hale Mua's motion for summary judgment was supported by admissible evidence. Contrary to Cross-Appellants' argument, Hale Mua's counsel's affidavit did not improperly authenticate the documents attached to Hale Mua's motion for summary judgment. The documents were certified copies of public records. See Hawaii Rules of Evidence (HRE) Rule 1005[5] and HRE Rule 902 (4).[6] Similarly, Hale Mua's expert witness did not attempt to authenticate documents. Although the documents relied upon by an expert in rendering an opinion need not be admissible evidence, see HRE Rule 703,[7] the documents relied upon by Hale Mua's expert were certified copies of public records attached to Hale Mua's motion for summary judgment. Lastly, the circuit court properly considered Hale Mua's translated documents. Cross-Appellants did not object to the translations below. Moreover, HRCP Rule 56(e) does not require an affidavit of the translator of documents to be attached to those documents.
As Cross-Appellants do not present a discernible argument supporting their challenge to the circuit court's specific findings of fact and conclusions of law, we decline to address these points of error. Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai`i 422, 433, 16 P.3d 827, 838 (App. 2000).
3. The circuit court did not err in failing to take Cross-Appellants' proffered declarations and exhibits into consideration. Luana Pang-Ching's affidavit was not based on personal knowledge. To the extent her affidavit was based on other sources, the sources should have been identified and attached as required by HRCP Rule 56 (e). Her affidavit was also based on hearsay for which no exception was established. Furthermore, Cross-Appellants' exhibits were not properly authenticated as they were not sworn to by the preparers or certified. See Pioneer Mill Co., Ltd. v. Dow, 90 Hawai`i 289, 297, 978 P.2d 727, 735 (1999).
4. We decline to consider Cross-Appellants' constitutional claim as Cross-Appellants present no discernible argument to support this claim. Citicorp Mortgage, 94 Hawai`i at 433, 16 P.3d at 838.
5. As Cross-Appellants fail to show the granting of Hale Mua's motion for summary judgment was error, the circuit court did not err in entering the order granting the motion or the resulting judgment.

B. Liu's appeal
1. The circuit court did not err in concluding that Hale Mua proved it had sufficient chain of title to LCA 3436. "It is enough that the interest asserted by the plaintiff in possession of land is superior to that of those who are parties defendant." Ka'u Agribusiness Co., Inc. v. Heirs or Assigns of Ahulau, 105 Hawai`i 182, 187, 95 P.3d 613, 618 (2004) (quoting United States v. Oregon, 295 U.S. 1, 25 (1935)) (internal quotation marks and brackets omitted). Hale Mua presented sufficient, admissible evidence, including reasonable inferences from the evidence presented, establishing Hale Mua's title to LCA 3436. See Makila Land Co., LLC v. Kapu, 114 Hawai`i 56, 71, 156 P.3d 482, 497 (App. 2006) (plaintiff established prima facie case regarding title on summary judgment as it was reasonable to infer from documents presented that plaintiff's predecessor in interest received entire parcel of land from father).
Contrary to Liu's arguments, no genuine issue of material fact was created by Liu's claims that there was a fourth child named Halemano, or that Liu's great, great grandfather was the Kapahi who was the awardee of LCA 3436.
The circuit court properly considered Exhibit 112 attached to Hale Mua's motion for summary judgment, a document that appears to be the minutes of a hearing held in the probate proceedings for Kapahi and his son, Kainapau (Probate 191), and is an authenticated court document. Probate 191 reflects several statements made by persons present at that proceeding which indicate that Kapahi had three heirs. Additionally, Probate 191 reflects that the judge in that proceeding concluded that, if Kapahi owned the land, it would be divided amongst his three children. Even under Liu's reading of the document, no question of fact was presented that Kapahi had more than three heirs.
Keoniana's interest was not "missing" from Hale Mua's evidence. Hale Mua's documents showed that Kainapau, son of Kaphahi, died leaving his wife Uaua and son Keoniana. Hale Mua maintains that there are no records of Keoniana conveying his interest or of a probate of his estate, and Liu points to none. Upon Keoniana's death, it appears that his interest in the property descended to his mother Uaua, as there is no evidence Keoniana was married or had offspring. Hale Mua also submitted a certified copy of a warranty deed dated March 21, 1871, by which four acres of land described by metes and bounds and as "a parcel of land in the ili of Kukuialeimaka, ahupua'a of Waiehu" inherited by Uaua, was conveyed by Uaua and her third husband Paaluhi, to Uaua's daughter Kealalaina. Further documents established the chain of title for the land subsequently passed to Hale Mua. Although Liu argues that Hale Mua's claim to Keoniana's interest is flawed due to references to "land of Kekuhina" and LCA 3451 rather than LCA 3436, the metes and bounds description of the property is sufficient to remove any doubts over the exact property conveyed by that deed. Finally, the deed from Uaua and her husband Paaluhi to Kaaihue does not indicate a fourth heir, but an apparent mathematical error that a four-acre share (of 13.7 acres) was a one-fourth interest in the land.
Liu does not show how a discrepancy in the gender of Kauwahine in the documents constitutes a genuine issue of material fact; "a fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Crichfield v. Grand Wailea Co., 93 Hawai`i 477, 482-83, 6 P.3d 349, 354-55 (2000) (quoting Hulsman v. Hemmeter Dev. Corp., 65 Haw. 58, 61, 647 P.2d 713, 716 (1982)) (internal quotation marks omitted). Liu does not state how a gender discrepancy raises doubt over whether the property was conveyed to Hale Mua.
To the extent that the conveyancing documents do not precisely reflect the acreage transferred, this does not create a genuine issue of material fact, especially when a deed also contains a metes-and-bounds description of the property conveyed.
2. The circuit court did not err in concluding that Liu failed to raise a genuine issue of material fact. Liu's affidavit, in which Liu states "on information and belief" that his great, great grandfather Kapahi was the same Kapahi awarded LCA 3436, (1) does not comply with HRCP Rule 56(e) as it is not based on personal knowledge, (2) does not provide the source of the information or belief, and (3) is not a statement of personal or family history under HRE Rule 803(b)(19). Helekahi v. Laa, 32 Haw. 1, 6-7 (1931) relied upon by Liu, which involved pedigree testimony given by a relative of the land awardee, is inapposite. There, the source of the witness's knowledge was disclosed and the identity of the awardee was not in question. See Hana Ranch, Inc. v. Kanakaole, 1 Haw. App. 573, 576-77, 623 P.2d 885, 887-88 (1981) (testimony that father-in-law and husband were heirs of one "C.K. Kapule" was insufficient to show ancestor C.K. Kapule was same C.K. Kapule named in record of litigation adjudicating inheritance from original land grantee).
In addition, Halemano's death certificate did not establish a genuine issue of material fact inasmuch as it states that Halemano's father, Kapahi, was born on O'ahu, not Maui, and it does not establish that Liu's great, great grandfather Kapahi was the awardee Kapahi. See id.
3. Based on the foregoing, entry of judgment in Hale Mua's favor was not error.
Accordingly, the March 8, 2006 Final Judgment of the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Shackley F. Raffetto and Joseph E. Cardoza presided.
[2] Cross-Appellants' points on appeal fail to comply with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). Hale Mua's answering briefs in response to Cross-Appellants' and Liu's opening briefs do not comply with HRAP Rule 28 (c). However, it is the practice of the courts in this jurisdiction to address the merits of the case where possible. O'Connor v. Diocese of Honolulu, 77 Hawai`i 383, 386, 885 P.2d 361, 364 (1994). Counsel is warned that future violations may result in sanctions.
[3] HRCP Rule 56(a) states in relevant part:

A party seeking recovery under this rule may seek relief at any time after the expiration of 20 days from the commencement of the action[.]
[4] HRCP Rule 56 (f) states:

Should it appear from the affidavit of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
[5] HRE Rule 1005 states in relevant part:

The contents of a public record, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original.
[6] HRE Rule 902(4) states:

Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) or complying with any statute or rule prescribed by the supreme court.
[7] HRE Rule 703 states:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court may, however, disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.